FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 1 2 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NOT FOR PUBLICATION

REGINA LEWIS,

          Plaintiff,

**MEMORANDUM AND ORDER**
14-CV-3284 (ARR)

-against-

M. FERGUSON; K. SPIVEY; J. CHILDRESS;
METROPOLITAN DETENTION CENTER,

          Defendants.
-----------------------------------------------------------x

ROSS, United States District Judge.

    Plaintiff Regina Lewis, currently being held at the Federal Medical Center, Carswell in Ft. Worth, Texas, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary damages. The court construes plaintiff's complaint as raising a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against the Metropolitan Detention Center ("MDC") are dismissed, and plaintiff is granted thirty (30) days leave to file an amended complaint against the individual defendants.

**STANDARD OF REVIEW**

    Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe,

1

449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## BACKGROUND

Plaintiff's complaint relates to events that occurred earlier this year while plaintiff was being held at the MDC in Brooklyn, New York. Plaintiff states that she was placed on suicide watch in the Special Housing Unit ("SHU") for eleven days "in a freezing cell, naked, with severe anemia, high blood pressure that was not treated and I slept on a tombstone cement block." Compl., Dkt. #1, at ECF 6. Plaintiff asserts that in the SHU she was "deprived of un-restricted access to court, legal activities, visits, trulincs and medical care." Id. Plaintiff further alleges that

she was deprived of the same access when she was in the general population at MDC: "I have been deprived of important legal calls . . . and I have been deprived the administrative remedy process . . . . In the midst of trying to resolve my issue of unlawful imprisonment I have been purposelessly placed either in SHU or suicide watch. I have been in some form of segregation more than I have been in population." Id. Plaintiff seeks monetary damages. Id. at ECF 8.

## DISCUSSION

An action against a federal agency or federal officers in their official capacities is treated as a suit against the United States. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Therefore, suits against a federal agency such as the MDC and officers in their official capacities are barred under the doctrine of sovereign immunity. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). Without a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or agencies of the United States. See Meyer, 510 U.S. at 475. It is the plaintiff's burden to demonstrate that sovereign immunity has been waived. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Here, plaintiff has failed to demonstrate the requisite waiver of sovereign immunity by the United States. Thus, as the MDC is part of the Bureau of Prisons, a federal agency, plaintiff's claims against the MDC are dismissed. See Meyer, 510 U.S. at 475; Gay v. Terrell, No. 12-CV-02925 (CBA)(VMS), 2013 WL 5437045, at *28 (E.D.N.Y. Sept. 27, 2013).

The doctrine of sovereign immunity does not bar a suit against government officials in their individual capacities. In Bivens v. Six Unknown Named Agents of the Federal Bureau of

3

Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. Bivens actions, although not completely parallel, are the federal analog to 42 U.S.C. § 1983 actions against state actors. Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006) (noting that a Bivens action is the federal analog to claims against state actors brought under § 1983); see also Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("[F]ederal courts have typically incorporated § 1983 law into Bivens actions.").

A Bivens action lies against a defendant only when the plaintiff can show the defendant's personal involvement in the constitutional violation. See, e.g., Ashcroft, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation.").

Here, even construing the complaint liberally, plaintiff has not alleged sufficient facts to support a claim that any of the named individual defendants had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Although plaintiff names three individual defendants, she provides minimal facts against only one of the named defendants, stating: "The defendant M. Furguson has also instructed inmates hired as orderlies and other staff on duty to deny me toilet tissue knowing that I have a medical condition that causes me to use the bathroom more frequently." Compl. at ECF 6.

## CONCLUSION

Accordingly, plaintiff's claims against the Metropolitan Detention Center are dismissed on the grounds of sovereign immunity. 28 U.S.C. § 1915A.

The Court grants plaintiff thirty (30) days in which to file an amended complaint against the individual defendants. Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000). Plaintiff must provide the dates and a brief description of each alleged civil rights violation by the individual defendants that she names in the amended complaint, including the personal involvement of each named defendant.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this order within the time allowed, judgment shall enter dismissing this action. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
ALLYNE R. ROSS
United States District Court

Dated: Brooklyn, New York
      June 10, 2014

**SERVICE LIST**

Plaintiff:
Regina Lewis
67206-054
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127